Timothy D. Cotterell
Attorney at Law
6 S 2nd St., Suite 722
Yakima, WA 98901

Attorney for Defendant
MARCOS ANTONIO CRUZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE ROBERT H. WHALEY)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR-09-2087-RHW |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT |
| vs. ) | OF MOTION TO COMPEL |
| ) | INTERVIEW WITH GOVERNMENT |
| MARCOS ANTONIO CRUZ, ) | INFORMANT |
| ) | |
| Defendant. ) | |
| ) | |

TO:  JAMES A. McDEVITT, UNITED STATES ATTORNEY
     THOMAS J. HANLON, ASSISTANT UNITED STATES ATTORNEY

Upon proper request by a defendant, the government must make reasonable efforts to secure an informant's presence at a pretrial interview or at trial. If the informant is necessary to prove entrapment or the defense "otherwise shows a need for the information", the government must product the informant. United States v. Montgomery, 998 F.2d 1468, 1473 (9th Cir. 1993). The failure of the government to use reasonable efforts to produce the informant may result in a new trial or dismissal.

To invoke the government's duty to produce an informant, a need for the information must be established. Montgomery, 998 F.2d at 1473. This need arises where entrapment is the defense or where governmental misconduct is asserted. Where an informant played a significant role in the charged offense, the informant's testimony vital to the issue of guilt or innocence. Access to an informant is critical when the informant participates in the charged crime. Williams v. United States, 273 F.2d 781, 796 (9th Cir. 1965) (disclosing the

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL INTERVIEW
WITH GOVERNMENT INFORMANT - 1

Timothy D. Cotterell
Attorney at Law
6 South Second St., #722
Yakima, WA 98901
(509) 225-3491

informant "is especially a requirement of fairness when the informant has been an active participant in the crime charged").

Should the Court grant this request of an interview with the informant, the government must make reasonable efforts to obtain the informant's presence. <u>Montgomery</u>, 998 F.2d at 1473. If the government fails to secure an informant's presence for an interview, it is required to show that reasonable efforts were used. <u>Id</u>. at 1473-77. If the informant shows reluctance to cooperate, the government should use greater measures to obtain the informant's presence. <u>United States v. Tornabene</u>, 687 F.2d 312, 316 (9th Cir. 1982). Furthermore, if the government takes actions directly or indirectly which causes the informant's absence, the government is constrained to show reasonable efforts. <u>Id</u>. Ct. 1475-76.

Dismissal is an appropriate remedy if it is established that the government "purposefully saw to it that the confidential informant 'disappeared.'" <u>Id</u>. The Court should dismiss the indictment if the governments fail to secure the informant for trial. No other remedy would be available since this request has been made prior to trial and prior to any conviction.

I hereby certify that on February 21, 2010 I electronically filed the foregoing with the clerk of the court using the CM/ECF System which will send notification of such filing to the following: Thomas J. Hanlon, U.S. Attorney.

Respectfully submitted this 21st day of February, 2010.

<u>s/Timothy D. Cotterell</u>
TIMOTHY D. COTTERELL (WSBA #19380)
Attorney for Defendant

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL INTERVIEW
WITH GOVERNMENT INFORMANT - 2

Timothy D. Cotterell
Attorney at Law
6 South Second St., #722
Yakima, WA 98901
(509) 225-3491